IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERTHERM, INC., a New Hampshire corporation, | |
| *Plaintiff,* | CASE NO. 1:24-cv-5198-EEB-JC |
| v. | DEMAND FOR JURY TRIAL |
| THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Elaine E. Bucklo<br>Magistrate Judge Jeffrey Cole |
| *Defendants.* | |

**ORDER ON PLAINTIFF'S MOTION
FOR ENTRY OF A PRELIMINARY INJUNCTION**

Before the Court is Plaintiff Hypertherm, Inc.'s ("Hypertherm") Motion for Entry of a Preliminary (the "Motion") against the Defendants identified as Defendant Nos. 1-8, 10-12, 14-23, 25-40, 42-43 and 45-50 in Schedule A to the Verified Complaint. At the time of the filing of the Motion, Plaintiff had filed Notices of Dismissal with respect to Defendant Nos. 9, 13, 24, 41 and 44. Since filing the Motion, Plaintiff has file additional Notices of Dismissal with respect to Defendant Nos. 4, 16, 18, 22, 25 and 36. Accordingly, for the purposes of the Order, the Remaining Defendants are the Defendants identified as Defendant Nos. 1-3, 5-8, 10-12, 14-15, 17, 19-21, 23, 26-35, 37-40, 42-43 and 45-50 in Schedule A to the Verified Complaint (the "Remaining Defendants"). These Remaining Defendants are identified in the modified Schedule A attached hereto as Exhibit 1. After reviewing the Motion and the accompanying record the Court grants the Motion in its entirety and states as follows:

1

I.     **Unsealing of Docket Items**

The Court directs the Clerk of Court to unseal the following documents filed in this matter that were previously sealed, forthwith:

1. Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Freeze, Expedited Discovery and Alternative Service of Process (Dkt No. 3).

2. Plaintiff's Memorandum in Support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Freeze, Expedited Discovery and Alternative Service of Process (Dkt No. 4).

3. Temporary Restraining Order (Dkt No. 13).

II.     **Notice**

This Court finds Plaintiff has provided notice to the Remaining Defendants in accordance with the Temporary Restraining Order entered July 18, 2024, [Dkt. 13] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

III.     **Jurisdiction and Venue**

The Court finds that it has subject matter jurisdiction over the Plaintiff's claims for patent infringement because this action arises under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. For present purposes, the Court finds that venue is proper in this Judicial District for all of the Remaining Defendants.  Specifically, Plaintiff has provided a basis for the Court to conclude that none of the Remaining Defendants are resident in the United States and thus venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c)(3).

The Court also finds that it has personal jurisdiction over the Remaining Defendants because the Remaining Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that the Remaining Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's U.S. Patent Nos. 8,115,136 ("the '136 Patent"), 8,541,712 ("the '712 Patent"), and 8,546,718 ("the '718 Patent") (collectively, the "Patents-in-Suit") to residents of Illinois.

### IV. Joinder

This Court further finds that the joinder of the multiple Remaining Defendants in this case satisfies 35 U.S.C. § 299. The statute provides that "parties that are accused infringers may be joined in one action as defendants... only if–– (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299. Although Plaintiff's complaint lumps all Remaining Defendants together, it includes allegations suggesting that Remaining Defendants are related, or at least acting in concert, and that their infringement arises out of the same transaction or occurrence or series of transactions or occurrences. Plaintiff's complaint also alleges that all the Infringing Products of all the Remaining Defendants are identical in structure and infringe the Patents-in-Suit for the same reasons. Plaintiff's complaint contains significant evidentiary support for these allegations. For present

purposes, the allegations of the Plaintiff satisfy the "series of transactions or occurrences" requirement of section 299(a)(1), as well as Fed. R. Civ. P. 20(a)(2). Accordingly, the Court finds that joinder of the Remaining Defendants is appropriate at this stage of the litigation.

### V.     Preliminary Injunction

A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id.*

The Court finds, based upon the materials submitted, that Plaintiff has demonstrated that a preliminary injunction is warranted. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; that Plaintiff will suffer irreparable harm if the injunction is not granted, that the balance of harms favors Plaintiff and that a preliminary injunction is in the public interest. The Court's findings regarding the basis for the preliminary injunction are detailed below.

#### A.     Likelihood of Success on the Merits

Plaintiff has proved a *prima facie* case of patent infringement because (1) Plaintiff's Patents-in-Suit are each valid patents registered with the U.S. Patent and Trademark Office on the

Principal Register, (2) Remaining Defendants are not licensed or authorized to use, manufacture, or sell any product embodying any of the Patents-in-Suit and (3) Remaining Defendants' sales, offers to sell, and/or importation into the United States of the Infringing Products identified by Plaintiff infringe upon Plaintiff's rights in the Patents-in-Suit. Plaintiff has provided ample evidence for the Court to conclude that the Infringing Products are identical in structure and that this structure is represented by the Representative Product identified by Plaintiff. Plaintiff has also provided ample evidence, including, but not limited to, claim charts, establishing that each element of claim 1 of each of the Patents-in-Suit is present exactly in the Representative Product and therefore in each of the Infringing Products. The Court therefore finds that Plaintiff's likelihood of success on its claims for patent infringement is high with respect to each of the Remaining Defendants.

### B. Irreparable Harm

The Court finds that Plaintiff has provided evidence sufficient for the Court to conclude that the Remaining Defendants' continued and unauthorized sale of Infringing Products irreparably harms Plaintiff through diminished goodwill, damage to Plaintiff's reputation, loss of market share, loss of exclusivity, and loss of future sales.

### C. The Balance of Harms Favors Plaintiff

The Court also finds that the balance of harms tips in favor of Plaintiff. Plaintiff's likelihood of success is high and thus the less the balance of harm needs to favor Plaintiff's position. *TY, Inc.*, 237 F.3d at 895 ("the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position.") The Court finds that, based on the current record, there is no recognizable irreparable harm to the Remaining

Defendants. Any alleged harm due to loss of profits from continued sales of Infringing Products is entitled to little equitable consideration. *See Gallery House, Inc. v. Yi*, 582 F. Supp. 1294, 1298 (N.D. Ill. 1984) (the possibility that a defendant will lose profits "merits little equitable consideration;" and, an infringer has no "standing to complain that his vested interest will be disturbed"). Given the lack of any recognizable irreparable harm to the Remaining Defendants, the significant ongoing and irreparable harm to Plaintiff, and the strength of Plaintiff's case on the merits, the Court finds that the balance of harms tips in Plaintiff's favor.

### D. The Public Interest is Served by a Preliminary Injunction

Finally, the Court finds that the grant of a preliminary injunction would further the public's confidence in the patent and judicial system and provide incentives for inventors and corporations to continue developing innovative products and patenting new ideas without the fear they will be unable to stop potential infringers. The Court also finds that Plaintiff has provided evidence sufficient for the Court to conclude that the public interest would also be served by removing the Remaining Defendants' inferior products manufactured using low-quality materials from the market. The Court thus finds that a preliminary injunction is in the public interest.

### VI. Asset Freeze

The Court has the discretionary power to issue a prejudgment asset restraint. *See Grupo Mexicano de Desarollo, S.A. v. All. Bond Fund*, 527 U.S. 308, 325 (1999) (holding that asset freeze pending outcome of case is proper where plaintiff seeks equitable relief); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question . . . were the profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case.").

The Court finds that Plaintiff has established that a restraint of the Remaining Defendants' assets throughout the pendency of this action is necessary and appropriate to ensure Plaintiff's right to an equitable accounting of the Remaining Defendants' profits from sales of Infringing Products is not impaired. The Court finds that, absent such restraint, there is a significant likelihood that the Remaining Defendants will abscond with their financial assets, moving them outside of this Court's jurisdiction, thus rendering an accounting potentially meaningless. Thus, to preserve Plaintiff's right to an accounting and ensure the availability of permanent relief, the Court grants Plaintiff's motion for an asset freeze.[1]

## VII. Expedited Discovery

The Court holds broad power over discovery and may permit financial discovery in order to aid in the identification of unknown defendants and unknown accounts. *See* Fed. R. Civ. P. 26(b)(2). Courts in the 7th Circuit and this Court routinely find good cause for expedited discovery in intellectual property infringement actions, including those involving patents. *See*, *e.g.*, *Oakley, Inc. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A"*, No. 1:20-cv-05972 Dkt. 27 (N.D. Ill. Nov. 9, 2020) (J. Valderrama) (granting plaintiff leave to conduct expedited discovery in design patent infringement case against anonymous e-commerce merchants). Plaintiff alleges that the Remaining Defendants are using third-party payment processors such as, for example, Amazon, which increases their anonymity by interposing a third party between the

---

[1] Under Federal Rule of Civil Procedure 65(d)(2), the Court has authority to bind "(A) the parties;" "(B) the parties' officers, agents, servants, employees, and attorneys;" and "(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)" to a temporary restraining order. Fed. R. Civ. P. 65(d)(2). Accordingly, the Court may bind any third-party that is a participant in the processing of Remaining Defendants' sales by this Order, including but not limited to Amazon.com, Walmart.com, eBay.com, PayPal and Amazon Payments.

consumer and the Remaining Defendants. Plaintiff also alleges that without being able to discover the Remaining Defendants' bank and payment system accounts, the asset freeze sought in its Motion will be ineffective. The Court hereby finds that good cause exists for Plaintiff's request for expedited discovery and that the expedited discovery requested by Plaintiffs is appropriate pursuant to this Court's discretionary power over discovery matters.

### VIII. Alternative Service of Process

This Court has broad discretion in directing an appropriate method of providing notice to the Remaining Defendants in this matter. The Court finds that under the facts of the present case it is far more likely that Remaining Defendants can be served electronically than through physical or other traditional service of process methods and thus continuing alternative service of process is proper in the present case pursuant to Federal Rule of Civil Procedure 4(f)(3). Accordingly, Plaintiff may serve process on the Remaining Defendants and serve all documents required to be served on the Remaining Defendants during the pendency of this action by electronically publishing a link to the Verified Complaint and other relevant documents on a website and by sending an e-mail, to the e-mail addresses identified and provided for the Remaining Defendants by third parties, that includes a link to said website.

## PRELIMINARY INJUNCTION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff Hypertherm, Inc.'s ("Hypertherm" or "Plaintiff") Motion for Entry of a Preliminary Injunction is GRANTED on August 15, 2024 at 9:00 a.m. as follows:

1. Remaining Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them are, during the pendency of this action, enjoined and restrained from:

(a) making, using, importing, offering for sale, or selling products that infringe upon Plaintiff's Patents-in-Suit, including: (i) the products described in the Verified Complaint and its accompanying exhibits and those available at or under the accused product URLs, ASINs, and/or Product IDs listed in Exhibit H to the Verified Complaint; (ii) any products that include one or more electrodes identified by part number 220842; (iii) any other products which embody any of the claims of any of the Patents-in-Suit; and/or (iv) colorable imitations of any of the above (the "Restrained Products");

(b) passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale that is protected under any of the Patents-in-Suit;

(c) committing any acts calculated to cause consumers to believe that Remaining Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(d) manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by

        Plaintiff to be sold or offered for sale, and which embody any of the claims of the Patents-in-Suit;

(e)    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any of the Patents-in-Suit; and

(f)    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e).

2.    Remaining Defendants are, during the pendency of this action, restrained and enjoined from transferring or disposing of any money or other of Remaining Defendants' assets until further ordered by this Court.

3.    Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Remaining Defendants or in connection with any of Remaining Defendants' online marketplaces ("Third-Party Provider"), including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), Walmart.com ("Walmart") and eBay.com ("EBay"), shall, within five (5) business days after receipt of such notice: (i) cease selling all Restrained Products; (ii) disable all mechanisms relating to the sale of all Restrained Products; and (iii) disable and cease displaying any advertisements used by or associated with any Defendant in connection with the sale of any Restrained Product.

4.    Any Third Party Providers with actual notice of this Order, including, but not limited to Amazon Payments, PayPal, Amazon, Walmart and EBay shall, within five (5) business days of receipt of this Order: (a) locate all accounts and funds connected to Remaining Defendants' online marketplaces, including, but not limited to, any financial accounts connected to the

Remaining Defendants, (b) restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Remaining Defendants' assets until further ordered by this Court, and (c) serve upon counsel for Plaintiff the account numbers, institutions, balances, transaction history, and history of transfers to and/or from any account in which any of the Remaining Defendants holds a legal or equitable interest, which information will be treated by counsel for Plaintiff as outside Attorneys' Eyes Only and not disclosed to Plaintiff or to anyone other than the court.

     5.     Remaining Defendants and any Third-Party Provider with actual notice of this Order who is providing services for any of the Remaining Defendants, or online marketplace accounts operated by Remaining Defendants, including, without limitation: any online marketplace platforms such as Amazon.com, eBay.com, and Walmart.com; credit cards, banks, merchant account providers; third party processors and other payment processing service providers including but not limited to PayPal, Amazon Payments, Square and Stripe shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    (a) the identities and locations of Remaining Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

    (b) the nature of the Remaining Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Infringing Webstores and the Remaining

11

    Defendants' financial accounts, as well as providing a full accounting of the Remaining Defendants' sales and listing history related to their respective Infringing Webstores;

(c) any of the Infringing Webstores;

(d) any other online marketplace accounts registered by the Remaining Defendants; and

(e) any financial accounts owned or controlled by the Remaining Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, eBay, Walmart, and Amazon Payments, Square, Stripe, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.  Plaintiff may provide any required notice of these proceedings to Remaining Defendants, including notice of any hearing relating to these proceedings and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Verified Complaint, this Order and other relevant documents on a website and by sending an e-mail, to the e-mail addresses identified by third parties, that includes a link to said website. The combination of providing notice via electronic publication and e-mail, along with any notice that Remaining Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Remaining Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. This Order shall apply to the Remaining Defendants, associated e-commerce stores and websites, and any other seller identification names, domain names, e-commerce stores, websites, or financial accounts which are being used by Remaining Defendants for the purpose of offering for sale, selling or distributing Infringing Products.

8. Any Remaining Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules.

9. This Order shall remain in effect during the pendency of this action or until such other date as set by the Court.

DATED this 15 day of August, 2024.

BY THE COURT:

*[signature]*

Honorable Elaine E. Bucklo
United States District Judge

# Exhibit 1

## Modified Schedule A

| Defendant Number | Brand Name | Seller Name | Business Name | Country | Seller ID |
|---|---|---|---|---|---|
| | | | AMAZON SELLERS | | |
| 1 | Kemao | Kemao_Industry | Jiangsu Kemao Automation Co., Ltd. | China | A1KKJHO7HJM9WA |
| 2 | Acceptin | Acceptin | wenzhouwalixidianzishangwuyouxiangongsi | China | A31XVBQN7HQX15 |
| 3 | BDR | MH Tec Store | ShenyangMinghaoZhinengZidonghuaKejiYouxianGongsi | China | A2EP7B94F6FC2V |
| 5 | DIGBYS | Lsafes | shanghailinglingmaoyiyouxiangongsi | China | A208WRYST0QM4Q |
| 6 | Donwind | Donwind | Wenzhou Honghao Automobile Sales Co., Ltd. | China | AJTJIOMCE03QY |
| 7 | EactEl | Orient sunrise | sichuanpanyuweishangmaoyouxiangongsi | China | A1G9WP6EATNJ6D |
| 8 | Eyes.sys | ShenZhen Anber Trading Co., Ltd. | shen zhen shi an bei er mao yi you xian gong si | China | A1AQVKCENI7HQS |
| 10 | Generic | Fast Delivery 9-16 Days | chengduyujiaorugedianzishangwuyouxiangongsi | China | A1JKQUCGVBTY3T |
| 11 | Generic | ZhongMaoDianZiShangWu (ShanDong)YouXianGongSi | JiaWang Wang | China | A2PU0L8ZGV7CNA |
| 12 | inkx | Wangyu1234 | Wangyu1234 | China | A1QNLI02UL5GFF |
| 14 | LIPUSE | SXXZSLH | xinzhoushixinfuqulihuashangmaojingyingbu | China | A1WN09FGVHN7EX |
| 15 | MCOLT | Lorry High Quality Shops | sichuanshenglongruidianzishangwuyouxiangongsi | China | A38KD3REF30D0A |
| 17 | PLAXON | QingDao Welding | ShenzhenshiDepeiDianziKejiYouxianGongsi | China | ACZQ9L5Z4QW69 |
| 19 | QULIT | H Cheng | Qinzhou Hangyanghai e-commerce Co., Ltd. | China | A6YGUCZ00HZOJ |
| 20 | SBOJI | TuKeMei | Yiwusilvmeifuzhuangshanghang | China | A8ZJL01CG11X9 |
| 21 | SXOPU | LiuYongGang | queshanxianqiancaimengchuangdianjiagongbu | China | AF1ETPWIMP1O |
| 23 | UPH | Jingmen Chongye | jingmenshichongyeshangmaoyouxiangongsi | China | A3MBE57F1YQDNH |

| Defendant Number | Brand Name | Seller Name | Business Name | Country | Seller ID |
|---|---|---|---|---|---|
| 26 | WURAWUS | GLARAY | ShenzhenShiZhitongGuangruiKejiYouxianGongsi | China | A13MRIDJZTU5KH |
| 27 | WARBESON | WARBESON FACTORY | Yiwu LuoDuo Trading Co., Ltd. | China | A2XZS2TEGFZ4IV |
| 28 | Wztepeng | MGER | ruianshi tepeng maoyi youxiangongsi | China | AYGQT4AQ2N1HK |
| 29 | Xinbalove | Premium Department Stores | QingDaoJinHeZhiMeiGongYiPinMaoYiYouXianGongSi | China | A1HP09QPADS8ZK |
| 30 | Zomarie | Jack&Dave | Taizhou Lonke E-Commerce | China | AFS3AWMJDFRS8 |
| **EBAY SELLERS** | | | | | |
| 31 | CPAUTO | Automotive_2024 | automotive_2023 | China | Automotive_2024 |
| 32 | Factory/OEM | Autocare_parts | autocare_parts | China | Autocare_parts |
| 33 | For Hypertherm | Automaster-Land | automaster-888 | China | Automaster-Land |
| 34 | For Hypertherm | Autostartup | auto_st | China | Autostartup |
| 35 | Hypertherm | KEMAO | ke_mao | China | KEMAO |
| | | | | | |
| 37 | Unbranded | 158chat00 | sprayerXX | China | 158chat00 |
| 38 | Unbranded | Autocare_parts | autocare_parts | China | Autocare_parts |
| 39 | Unbranded | dzindustrial | dzindustrial | China | dzindustrial |
| 40 | Unbranded | pneumatic-welded | pneumatic Welded parts store | China | pneumatic-welded |
| **WALMART SELLERS** | | | | | |
| 42 | BLUESON | Kajove | changshashiduluosenkejiyouxiangongsi | China | 101555051 |
| 43 | Bosisa | Bosisa | shenzhenshishengdelikejiyouxiangongsi | China | 101556227 |
| | | | | | |
| 45 | Hastore | Hastore | changshashiweimeikejiyouxiangongsi | China | 101623375 |
| 46 | Hmoddpon | BeiXin | shenzhenshibeixinkejiyouxiangongsi | China | 101561726 |
| 47 | Kabuda | KABUDA | suzhoubudaweibangshangmaoyouxiangongsi | China | 101127803 |
| 48 | KAIRUITE | kairuite | shenzhenshikairuitedianzishangwuyouxiangongsi | China | 101590998 |
| 49 | Mduoduo | Yannee | suzhouyanyetingmaoyiyouxiangongsi | China | 101138827 |

16

| Defendant Number | Brand Name | Seller Name | Business Name | Country | Seller ID |
|---|---|---|---|---|---|
| 50 | Mugoebu | zhehao | chengdouzhehaoshangmaoyouxiangongsi | China | 101121244 |